# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

May 25, 2015

The Honorable John Gleeson
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: U.S.A. v. Luis Rivera, 12-CR-700 (JG)

Your Honor:

This letter is submitted on behalf of Mr. Rivera, currently scheduled for sentence on June 5, 2015 at 3:00 p.m.  Mr. Rivera pled guilty to a lesser included charge in count one of the indictment, possession of heroin with the intent to distribute, a violation of 21 U.S.C. §841(a)(1). Mr. Rivera is subject to a mandatory minimum sentence of five years in custody.

The Probation Department calculated Mr. Rivera's total offense level to be 33, his criminal history category to be I, and his guideline range of imprisonment to be 135 to 168 months in custody.  Mr. Rivera's Presentence report was prepared prior to November 1, 2014, however, and does not reflect the two level reduction in the base offense levels for drug offenses that went into effect on that date.  Under the current sentencing guidelines, Mr. Rivera's total offense level is 31, and his guideline range of imprisonment in criminal history category I is 108 to 135 months in custody.

We respectfully request, however, that the Court consider the imposition of a sentence in the guideline range set forth in the plea agreement.  That guideline range was 70 to 87 months in custody, and we believe that this was a sentence considered by the Government to be a sentence sufficient, but not greater than necessary to achieve the goals of sentencing.[1]

## I. The factors to consider in determining sentence.

Pursuant to the holding of United States v. Booker, 543 U.S. 220 (2005), the Court is now required to consider all of the sentencing factors enumerated in 18 U.S.C. §3553(a).  18 U.S.C. §3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in §3553(a)(2).

---

[1] The arguments made in this sentencing submission assume the Court will not rely on Mr. Rivera's proffer protected statements.  Should the Court decide to rely on these statements at sentencing, we respectfully request an opportunity to submit a supplemental sentencing submission addressing those statements.

1. **18 U.S.C. §3553(a)(1).**

Pursuant to this factor, the Court is required to consider the nature and circumstances of the offense and the history and characteristics of Mr. Rivera

### A. The nature and circumstances of the offense.

Mr. Rivera agreed to sell heroin to a confidential informant for the Government.

### B. The history and characteristics of Mr. Rivera[2].

Mr. Rivera is a U.S. citizen, but was raised for most of his life in the Dominican Republic. His parents separated when he was very young, but they had a friendly relationship and were both active in the raising of Mr. Rivera. When Mr. Rivera was older, he emigrated to the U.S., and derived citizenship through his father.

Mr. Rivera is the father of a young daughter. He was active in the emotional and financial support of his daughter prior to his incarceration, and the family feels his loss since his incarceration.

2. **18 U.S.C. §3553(a)(2).**

The Court is next required to consider the following four factors in determining the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational, or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. A sentence to reflect the seriousness of the offense.

Drug distribution is a serious offense, but a sentence within the guidelines estimated in the plea agreement, 70 to 87 months, will be a sentence sufficient to achieve the goals of sentencing for the charged offense. It is a sentence above the mandatory minimum established by Congress for this offense, will reflect the seriousness of the offense of conviction, and will provide adequate punishment for the offense of conviction.

### B. A sentence to adequately deter criminal conduct.

A sentence within the guideline range estimated in the plea agreement will provide specific and general deterrence. First, it will provide specific and general deterrence because it is a substantial sentence of between five years and 10 months and seven years and three months in

---

[2]Upon information and belief, the Court was provided with numerous letters from Mr. Rivera's family as part of his initial sentencing submission. We respectfully request that the Court consider those letters again in determining a sentence for Mr. Rivera.

jail. It will be followed by a period of supervised release of at least four years, and which could be as long as the rest of Mr. Rivera's life. If Mr. Rivera violates the terms of his supervision while on release, he will face an additional jail sentence of up to three years. This sentence and the period of supervision to follow will deter Mr. Rivera from committing new crimes and will demonstrate to the public that drug offenses are treated seriously.

### C. A sentence to protect the public from any future crimes on the part of Mr. Rivera.

A sentence within the guidelines recommended in the plea agreement and a period of supervision to follow will work to protect the public from any future crimes on the part of Mr. Rivera. The period of incarceration is significant enough to cause Mr. Rivera to think twice about committing new crimes upon his release, and the period of supervision with the threat of incarceration for any violations will further deter Mr. Rivera and protect the public from future crimes.

### D. A sentence to provide needed educational, vocational, or medical treatment.

Mr. Rivera has a high school education, vocational training, and no need for medical treatment, so a period of incarceration is unnecessary to achieve these goals.

### 3. 18 U.S.C. §3553(a)(3).

The Court must next consider the kinds of sentences available. Mr. Rivera faces a mandatory minimum sentence of five years in prison.

### 4. 18 U.S.C. §3553(a)(4); 18 U.S.C. §3553(a)(5).

The Court must next consider the applicable guideline sentence and whether there are any pertinent policy statements issued by the sentencing commission that would affect Mr. Rivera's sentence. As noted above, we believe that Mr. Rivera's total offense level pursuant to the November 1, 2014 guidelines is 31, and his recommended guideline range of imprisonment is 108 to 135 months. While we do not believe there are any pertinent policy statements that would affect Mr. Rivera's sentence, we believe that, given the terms of the plea agreement, the Government believed that the sentence estimated there was sufficient, but not greater than necessary to achieve the goals of sentencing.

Mr. Rivera was indicted for possession of heroin in amount of one kilogram or more, with the intent to distribute it. The offense carried a mandatory minimum sentence of 10 years in custody. Mr. Rivera was permitted, as part of the plea agreement, to plead to a lesser included charge in that offense, the possession with the intent to distribute heroin of 100 grams or more, which carries a five year mandatory minimum sentence.

The base offense level in Mr. Rivera's plea agreement (exhibit B to the Government's Letter of December 1, 2014 (docket entry 27 )), appears to only consider the amount of drugs Mr. Rivera possessed at the time of his arrest, 978.7 grams of heroin. The base offense level in ¶2 of

the plea agreement is estimated to be 30, which at the time was the base offense level for heroin weighing at least 700 grams, but less than 1 kilogram. At the time Mr. Rivera entered into the plea agreement (January 1, 2014) the Government was fully aware that the relevant conduct to the offense included an additional five[3] kilograms of heroin that Mr. Rivera had sold to the same confidential informant a few months earlier[4].

While the plea agreement is not binding on the Court or the Government, and while we are not arguing that the Government advocating a different position at sentencing is a breach of that agreement, we do believe the plea agreement is a reflection of the Government's belief that a sentence of between 70 to 87 months would be sufficient, but not greater than necessary to achieve the goals of sentencing in Mr. Rivera's case. At the time of the plea agreement, the Government was aware of Mr. Rivera's prior drug sales to the confidential informant as well as the drugs in his possession at the time of his arrest. Although these amounts were well over the one kilogram trigger to the mandatory minimum sentence of 10 years in jail, the Government offered to permit Mr. Rivera to plead to a lesser included offense carrying a lesser mandatory minimum sentence.

The Government's estimate of the guideline range in the plea agreement, despite all they knew about the offense, was that the recommended sentence would be 70 to 87 months in custody. Setting forth that estimate, the Government further agreed not to seek a specific sentence within the guideline range (¶5(b) of the plea agreement), and agreed not to seek a sentence higher than that guideline range (¶5(c) of the plea agreement). We believe these facts demonstrate that the Government believed a sentence within the guideline range estimated in the plea agreement was sufficient, but not greater than necessary to achieve the goals of sentencing. We respectfully request that the Court consider this in determining Mr. Rivera's sentence.

We note that the Government and retained defense counsel filed a letter on September 26, 2014 (docket entry 25) agreeing that Mr. Rivera's correct total offense level was 33 and his correct guideline range was 135 to 168 months in custody[5]. We further note that the Government sought a sentence within that guideline range. Dkt. entry 25 at p.2. We ask the Court to consider, however, that had the Government believed that a sentence of 135 months or close to it was appropriate in Mr. Rivera's case, they would not have offered him a plea agreement permitting a plea to an offense carrying less than the mandatory minimum sentence of 10 years,

---

[3]The Probation Department refers to prior sales of 5 kilograms of heroin to the confidential informant in paragraphs 6, 7 and 12 of the PSR. The Government refers to prior agreements for the sale of 4 kilograms of heroin in its letter of July 9, 2014. (Docket entry 23, p.1.) Both 5 kilograms and 4 kilograms fall into the drug offense level applying to heroin between 3 and 10 kilograms.

[4]As set forth in the Government's letter of July 9, 2014 (docket entry 23), the Government was aware of the entire amount of drugs sold by Mr. Rivera to the confidential informant as soon as he began selling them. Dkt. entry 23 at p.2.

[5]This letter was filed prior to the two level reduction in base offense levels in the drug guidelines. We believe the Government and retained defense counsel will agree that the correct total offense level is now 31 and the correct guideline recommendation for sentence is 108 to 135 months in custody.

permitting him an appeal for a sentence higher than 97 months (¶4 of the plea agreement), and agreeing not to seek an upward departure from the estimated guideline range. We ask that the Court consider these facts if the Government continues to argue for a sentence within the now recommended guideline range.

### 5. 18 U.S.C. §3553(a)(6).

The Court must next consider the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. A sentence within the estimate originally set forth in the plea agreement would create sentencing disparity, but if that is a sentence sufficient, but not greater than necessary to achieve the goals of sentencing, the disparity is not unwarranted.

### 6. 18 U.S.C. §3553(a)(7).

The Court next needs to determine if there are any victims in the case requiring restitution. There are none.

## II. Conclusion.

We respectfully request that the Court sentence Mr. Rivera to a sentence of 70 months in custody. Although this is a sentence below the guideline determined by the Probation Department, we believe, as the Government once did, that it is a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing.

Sincerely,

Mildred M. Whalen
Staff Attorney
(718) 330-1290

cc:   Assistant U.S. Attorney Douglas Pravda, Esq.
      Assistant U.S. Attorney Sam Nitze, Esq.
      U.S. Probation Officer Steven S. Guttman
      ECF
      Mr. Luis Rivera, MDC